UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>DAVID SUBIL,<br><br>  Defendant. | CASE NO. 2:23-cr-00030-TL-1<br><br>ORDER ON MOTION FOR SUBPOENA DUCES TECUM |

This is a prosecution for the interstate transportation of stolen property. This matter is before the Court on Defendant David Subil's Motion for Rule 17 Subpoena to Arctic Seafood, Inc. (Dkt. No. 62). Having reviewed the relevant record, the Court GRANTS the motion.

### I.     BACKGROUND

On March 1, 2023, a grand jury indicted Mr. Subil on one count of Conspiracy to Commit Interstate Transportation of Stolen Property, 18 U.S.C. § 371, and two counts of Interstate Transportation of Stolen Property, 18 U.S.C. §§ 2 and 2314. *See* Dkt. No. 3. The charges concern allegedly fraudulent orders of seafood that were obtained in Washington State

and then transported to Florida to be resold for a profit. *Id*. at 2. On September 20, 2023, the Government filed a superseding indictment, which includes the addition of co-defendant Juan Manuel Sanchez Abreu. *See* Dkt. No. 39.

This matter is currently set for a jury trial to begin on February 12, 2024. *See* Dkt. No. 26. Mr. Subil now moves for the issuance of a subpoena duces tecum "to determine whether the product located in Florida was the same product allegedly stolen in January 2023 or whether this product was also sold to other customers and therefore could have come from a source other than the stolen truckloads of crab." Dkt. No. 62 at 8; *see also* Dkt. No. 64-1 (proposed subpoena). Specifically, he seeks from distributor Artic Seafood various information about each of the product lot numbers involved in the alleged theft, including quantity, sell-by date, origin, and customer information. *See* Dkt. No. 62 at 1–2.

Mr. Subil requested the subject information from the Government on July 26, 2023, and the Parties met and conferred by email and phone. Dkt. No. 62 at 6. The Government indicated that "it did not have the requested materials." *Id.* It later informed Mr. Subil "that Arctic [Seafood, Inc.] would not voluntarily disclose the information and that counsel should seek a subpoena." *Id.* The Government does not oppose the motion.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 17 states, in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). "However, '[l]eave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings.'" *United States v. Garg*, No. CR21-45, 2023 WL

5206371, at *1 (W.D. Wash. Aug. 14, 2023) (quoting *United States v. Estes*, No. CR15-15, 2015 WL 5177819, at *2 (D. Nev. Sep. 4, 2015)). To be entitled to the pretrial production of subpoenaed materials, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699 (1974) (footnote omitted); *accord Garg*, 2023 WL 5206371, at *1. "[A] party seeking production of materials under a Rule 17(c) subpoena must demonstrate to the court '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (quoting *Nixon*, 418 U.S. at 700).

### III.   DISCUSSION

Mr. Subil argues that issuance of a subpoena is proper. *See* Dkt. No. 62 at 9–10. Specifically, he argues that the materials sought "bear directly on the identification oof the product located in Florida" and are "specifically targeted to a key issue in the case." *Id.* at 9. He includes a declaration from his counsel, who states that Arctic Seafood would not produce the requested information without a subpoena. *Id.*; *see* Dkt. No. 62-4 (declaration). He points out that the identification of the Florida product was a factor in the complaint (*see* Dkt. No. 62-1) and search warrants in this case, and that "it will be a key part of the evidence at trial." Dkt. No. 62 at 10. Finally, he maintains that the request is in good faith, and proposes "entry of a protective order that would limit the dissemination of the produced materials to defense counsel without further leave of the court." *Id.*

The Court agrees that issuance of a subpoena is proper. The information sought is relevant, admissible, and specific. *Sleugh*, 896 F.3d at 1012. Mr. Subil's request is narrow and

specific to the four unique lot numbers identified in the complaint and discovery as connected to the allegations. *See* Dkt. Nos. 62-2, 62-3 (bills of lading); Dkt. No. 62-1 ¶¶ 57–59. The information would help the fact finder identify whether the product collected in Florida is the same product that was allegedly stolen in Washington. Mr. Subil's counsel attempted to procure the information, but Artic Seafood indicated that they "would not provide the requested information absent a court order or subpoena." Dkt. No. 62-4 ¶ 14. The identification of the Florida product will be key evidence at trial, and Mr. Subil cannot adequately prepare for trial without this information. Finally, the specificity of the sought information and Mr. Subil's proposed protective order demonstrate that the request is in good faith and not a fishing expedition. Accordingly, the Court will grant the motion.

However, Mr. Subil "has not demonstrated that he is entitled to have the documents delivered directly to defense counsel." *United States v. Shelley*, No. CR16-237, 2017 WL 3470940, at *4 (W.D. Okla. Aug. 11, 2017) (citing *United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Hawaii 1995)); *accord United States v. Latimore*, No. CR08-20633, 2010 WL 148231, at *3 (E.D. Mich. Jan. 11, 2010).[1] Rule 17(c)(1) states that a court may direct the production of materials "in court," not another location. Therefore, Mr. Subil's proposed subpoena will be modified to reflect this Court as the place of compliance.

### IV. Conclusion

For the reasons above, Mr. Subil's Motion for Rule 17 Subpoena to Artic Seafood, Inc. (Dkt. No. 62) is GRANTED. It is hereby ORDERED:

---

[1] *But see United States v. Fanyo-Patchou*, No. CR19-146, 2020 WL 5067911, at *3 (W.D. Wash. Aug. 27, 2020) ("But the text of Rule 17(c) does not contain any such limit, and Rule 17(c)'s permissive language suggests a court has discretion to decide how a witness should produce the items designated by a subpoena.").

(1) The Clerk SHALL issue a subpoena duces tecum for the items listed in "Attachment A" to the proposed subpoena (*see* Dkt. No. 64-1), except that the subpoena SHALL be modified to make the materials returnable to this Court. The subpoena SHALL further require Artic Seafood, Inc., to produce responsive documents to the Court **no later than 5:00 p.m. on November 21, 2023**.

(2) Counsel for Mr. Subil SHALL serve the subpoena on Artic Seafood, along with a copy of this Order.

(3) Arctic Seafood may comply with this subpoena by providing copies of the materials to the Court prior to the return date or by providing a declaration under penalty of perjury stating that the materials do not exist.

(4) The Court will inform the Parties when the materials are received and how the materials may be inspected.

Dated this 7th day of November 2023.

Tana Lin
United States District Judge