UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>DAVID SUBIL,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cr-00030-TL<br><br>ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE |

This matter is before the Court on Defendant David Subil's Motion to Modify Conditions of Release. Dkt. No. 93. Having reviewed the Government's response (Dkt. No. 94), Mr. Subil's reply (Dkt. No. 95), and the relevant record, the Court GRANTS the motion.

**I.　BACKGROUND**

On June 7, 2023, the Court issued an order (Dkt. No. 32) granting Mr. Subil's Motion for Review and Revocation of Magistrate Judge's Detention Order (Dkt. No. 27) and revoking the Detention Order (Dkt. No. 15). On June 12, 2023, Mr. Subil was released on an appearance bond and is subject to 10 special conditions, one of which restricts his travel to: (1) the Southern

District of Florida (where he resides), and (2) the Western District of Washington (as required for legal proceedings). Dkt. No. 35 at 1. Another special condition is that he must "[p]rovide Pretrial Services with any requested information regarding [his] financial status, income sources, and investments." *Id.*

## II. DISCUSSION

A pretrial criminal defendant ordered released with conditions may file a motion to modify the conditions imposed. 18 U.S.C. § 3145(a)(2); *see also* 18 U.S.C. § 3142(c)(3). Mr. Subil requests that his appearance bond be modified to allow him to make day trips, with advance notice to his pretrial services officer, to visit vendors in the Middle District of Florida in beach areas on the east and west coast of Florida. *Id.*

Since his release, Mr. Subil has "started a new business involving the sale of beach furniture, equipment and gear to beach area store concessionaires including beach chairs, towels, umbrellas, and other beach related items that his business purchased in warehouse liquidation sales." Dkt. No. 93 at 2. Mr. Subil will return to his residence each evening. *Id.*

The Government opposes the motion. Dkt. No. 94. The Government is "skeptical" of Mr. Subil's request to travel to conduct business because it was not aware he was running a new business and does not know any details about the business. *Id.* at 2–3.

However, Mr. Subil is being monitored by pretrial services, and his financial status and income sources must be provided to pretrial services as a special condition of his appearance bond. Dkt. No. 35 at 1. Further, his pretrial services officer is well aware of both the charges in this case as well as Mr. Subil's background. *See, e.g.*, Dkt. No. 13 (Pretrial Services Report). Mr. Subil represents that he has discussed his request with his Florida pretrial services officer who does not oppose the request if he receives an appropriate modification from the Court. *Id.* at 1. Finally, in the one year since he has been released, Mr. Subil's probation officer has filed only

one noncompliance summary for failing to obey all laws by driving while his license was suspended on December 27, 2023, in violation of a standard condition of the appearance bond. Dkt. No. 86. Given these facts coupled with the presumption of innocence, the Court will grant the motion.

### III.   CONCLUSION

Accordingly, Mr. Subil's Motion to Modify Conditions of Release (Dkt. No. 93) is GRANTED. The Special Conditions of the Appearance Bond (Dkt. No. 35) are MODIFIED to allow Mr. Subil to travel, with prior notice to and approval of, his pretrial services officer to the Middle District of Florida. All other conditions of the bond remain in place.

Dated this 14th day of June 2024.

Tana Lin
United States District Judge